UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WATERWAY GAS & WASH CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09-CV-2121 (CEJ) |
| ) | |
| ONEBEACON AMERICA INS. CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim for relief. Because the motion was filed after defendant's answer, the Court will treat it as a motion for judgment on the pleadings, pursuant to Rule 12(c). See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Plaintiff filed a response in opposition to the motion and the issues are fully briefed.

Plaintiff Waterway Gas & Wash Company filed suit against defendant OneBeacon America Insurance Company, seeking coverage under a policy of insurance for business and property losses. Plaintiff alleges that a water main break near its gas station caused an underground gasoline storage tank to rupture. Plaintiff replaced the tank and submitted a claim for coverage for its losses. Defendant denied plaintiff's claim for coverage, asserting that the tank rupture was caused by corrosion, which the policy specifically excluded from coverage. Plaintiff filed suit, asserting claims for breach of contract and vexatious refusal to pay pursuant to Mo.Rev.Stat. §§ 375.296 and 375.420. In the present motion,

defendant asserts that coverage is precluded by the policy's exclusions for movement of earth and collapse.

## I. Legal Standard

The standard for judgment on the pleadings is the same as that for failure to state a claim for relief. Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). Thus, the Court must "accept as true all factual allegations set out in the complaint" and "construe the complaint in the light most favorable to the plaintiff, drawing all inferences in [its] favor." Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." Id. "Well-pleaded facts, not legal theories or conclusions, determine the adequacy of the complaint." Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009) (citations and alterations omitted). The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court may consider materials that are necessarily embraced by the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). Because this is a diversity case, the Court applies Missouri law in determining whether the elements of the claims have been pled. Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1062 (8th Cir. 2005).

## II. Discussion

Plaintiff owns a full-service gas station in Kansas City, Missouri. An underground gasoline storage tank failed after a nearby water main broke. It was

determined that water was flowing into the tank. An inspection indicated that the tank had a large rupture that could not be prepared; the area around the rupture was concave. The tank was excavated and replaced.

The insurance policy contains the following relevant provisions:

A. COVERAGES

  1. Building Coverage

     We will pay for direct physical loss or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

     For this Coverage, Covered Property means . . .

     a. Building, . . . including:

        * * *

        (3) Permanently installed machinery and equipment, . . . <u>tanks</u> and their component parts including all connections thereto which are below the under-surface of the lowest basement floor or, where there is no basement, below the surface of the ground;

Special Property Plus Coverage Form, § A.1.a(3), First Am. Comp., Ex A. [Doc. #20-1 at 84] (emphasis added).

B. CAUSES OF LOSS

  * * *

  1. General Causes of Loss

     a. Unless otherwise shown in the Declarations, General Causes of Loss apply to the following Coverages:

        (a) All Building Coverage . . .

        * * *

> b. Under General Causes of Loss, we will pay for direct physical loss of or damage to property, unless excluded below.
>
> (1) We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any other sequence to the loss.
>
> (a) **Earth Movement**
>
> * * *
>
> (iv) Earth sinking (other than "sinkhole collapse"), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and <u>the action of water under the ground surface</u>.
>
> * * *

<u>Id.</u> at § B.1.b(1)(a)(iv) (emphasis added) [Doc. #20-1 at 103].

> (2) We will not pay for loss or damage caused by or resulting from any of the following:
>
> * * *
>
> (h) Collapse
>
> (i) <u>Collapse, if caused by earth movement or water</u>
>
> * * *
>
> (iii) We will pay only for direct physical loss to the covered property involving the sudden, entire collapse of a building or any part of a building.
>
> (iv) Collapse means the following:

      (A)    An abrupt falling down or caving in of <u>a building or any part of a building</u> with the result that the building or any part of the building cannot be used for its intended purposes;

                    \* \* \*

      (D)    A building that is standing or any part of a building that is standing is not considered to be in a state of collapse even if it shows evidence of cracking, bulging, sagging, bending . . .

<u>Id.</u> at § B.1.b(2)(h) [Doc. #20-1 at 104-05] (emphasis added).

For the purposes of this motion, the Court is limited to the facts as alleged in plaintiff's first amended complaint. There are no allegations that the tank ruptured due to "earth sinking, rising or shifting." Thus, there is no basis in the first amended complaint to conclude that the earth movement exclusion applies. Plaintiff does allege that there was a concavity around the rupture in the tank. Defendant argues that this concavity amounts to the "caving in of a building or part of a building," and thus qualifies as a collapse. The first amended complaint makes no allegations with respect to whether the tank was "standing," within the meaning of § B.1.b(2)(h)(iv)(D). Questions of fact preclude a determination that the exclusion for collapse precludes coverage.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss, construed as a motion for judgment on the pleadings [Doc. #28] is **denied**.

                                      */s/ Carol E. Jackson*
                                      CAROL E. JACKSON

UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2010.