UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WATERWAY GAS & WASH CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09-CV-2121 (CEJ) |
| ) | |
| ONEBEACON AMERICA INS. CO., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to transfer venue, pursuant to 28 U.S.C. § 1404, to the United States District Court for the Western District of Missouri. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

I. **Background**

Plaintiff Waterway Gas & Was Company operates a gas station in Kansas City, Missouri. Defendant OneBeacon America Insurance Company issued plaintiff a policy of insurance for business and property losses. On June 12, 2008, a water main owned and operated by the City of Kansas City, Missouri ruptured. The ruptured water main was located immediately adjacent to the gas station; repairs to the water main were completed on June 25, 2008.

On June 23, 2008, an alarm indicated that water was flowing into an underground gasoline storage tank located about 30 feet from the ruptured water line. Water was entering the tank at the rate of 40 gallons per hour. Plaintiff alleges that the tank was ruptured beyond repair and required replacement, which in turn required removal of all of the underground storage tanks, excavation of

contaminated soil, replacement of tank beds, and installation of new product lines, a process which took six weeks to complete.  Plaintiff submitted a claim for coverage for its costs of remediaton and construction, employee expenses, and lost revenue.  Defendant denied the claim, asserting that the tank rupture was caused by corrosion, which the policy specifically excluded from coverage.  Plaintiff filed suit in this district, asserting claims for breach of contract and vexatious refusal to pay pursuant to Mo.Rev.Stat. §§ 375.296 and 375.420.

**II.    Discussion**

Defendant seeks transfer to the Western District of Missouri, pursuant to 28 U.S.C. § 1404, which provides:  "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The parties agree that this action "might have been brought" in the Western District of Missouri.

The statute reveals three general categories of factors the courts must consider in when deciding a motion to transfer -- the convenience of the parties, the convenience of the witnesses, and the interests of justice.  Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).  This is not an exhaustive list, however, and courts must engage in a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id.  Among the factors courts consider are "the availability of judicial process to compel the attendance of unwilling witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if transfer is granted, and the practical considerations indicating where the case can be tried

more expeditiously and inexpensively." Fibra-Steel, Inc. v. Astoria Industries, Inc., 708 F. Supp. 255, 257 (E.D. Mo. 1989).

The party seeking a transfer bears the burden of proving a transfer is warranted and courts generally give considerable deference to a plaintiff's choice of forum. Terra Int'l, 119 F.3d at 695. "When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable, there is no basis for a change of venue; the tie is awarded to the plaintiff." Trident Steel Corp. v. Oxbow Steel Int'l, LLC, 2009 WL 3242045, *4 (E.D. Mo. Oct. 5, 2009) (quoting In re National Presto Indus., Inc., 347 F.3d 662, 665 (7th Cir. 2003)). "'There is nothing . . . in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue." Van Dusen v. Barrack, 376 U.S. 612, 633-34 (1964). The presumption in favor of the plaintiff's choice of forum is given greater weight when the plaintiff is a resident of the forum in which suit is brought. Houk v. Kimberly-ClarkCorp., 613 F.Supp. 923, 927 (W.D. Mo. 1985) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)).

    1.    Convenience of the Parties

This factor weighs against transfer: plaintiff's corporate offices are located in Chesterfield, Missouri, and, according to plaintiff, all of its documentary evidence and most of its employees with evidence in the case are located in this district. Defendant's principal place of business, documents, and corporate residents are located in Massachusetts, and either venue is equally inconvenient to defendant.

2.  <u>Convenience of the Witnesses</u>

"[T]he most important factor in passing on a motion to transfer under Section 1404(a) . . . is the convenience of the witnesses, most particularly nonparty witnesses who are important to the resolution of the case." 15 Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 3851 (3rd ed. 2007). "[S]heer numbers of witnesses will not decide which way the convenience factor tips." <u>Terra Int'l</u>, 119 F.3d at 696.

Defendant identifies more than 20 nonparty witnesses based in the Western District that it says are necessary to determine the cause of the tank's failure.[1] This group includes: employees of the public water utility and contractors involved in repairing the water main (four witnesses); Neumayer Equipment Company, retained by plaintiff to determine the cause of the tank failure (eight witnesses employed in the Western District and one in this district); Genesis Environmental Solutions, a company that completed work on the tank in 2007 (eight witnesses); Delta Consultants, retained to determine the groundwater levels (two witnesses); and American Steel Works, the company that manufactured the ruptured tank (one witness).

Assuming that some number of these witnesses are essential to resolution of the dispute, defendant argues that the potential difficulty of securing the attendance of unwilling witnesses at trial in this district weighs in favor of transfer to the Western District. In response, plaintiff submits the affidavit of general

---

[1]Defendant identifies a number of witnesses from outside both districts, who will be required to travel whether the case is transferred or not. Defendant does not claim that their convenience is a factor to be considered.

counsel Michael Goldman. Mr. Goldman attests that Delta Consultants, Neumayer Equipment, and Genesis Environmental have pledged their willingness to cooperate and will not object to having their witnesses present at trial. Defendant has not provided any basis for concluding that any of the crucial witnesses would be unwilling to appear in this district or that their testimony could not be presented via videotaped deposition. Defendant has failed to persuade the Court that convenience of the witnesses weighs in favor of transfer.

    3.    Interest of Justice

Factors considered under the "interest of justice" prong include judicial economy, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law. Terra Int'l, 119 F.3d at 696. Judicial economy would not be served by transferring this case to the Western District: this Court has entered a Case Management Order, the parties are engaged in discovery, and a trial date has been established. There is a high likelihood that resolution of this matter would be delayed by a transfer. The remaining factors are either neutral or weigh against transfer: plaintiff's costs will increase if the matter is transferred. Since both districts are located in Missouri, issues arising from the governing law are unaffected by the location.

Having carefully considered the convenience of the parties and witnesses and the interests of justice, and having weighed factors contributing to each, the Court concludes that defendant has failed to make a clear showing that the balance of interests weighs in favor of the proposed transfer.

Accordingly,

-6-

**IT IS HEREBY ORDERED** that defendant's motion to transfer venue, pursuant to 28 U.S.C. § 1404, to the Western District of Missouri [Doc. #13] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2010.